## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE LATAILLADE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 10-236-LPS-MPT |
| | : | |
| UNITES STATES DISTRICT COURT | : | |
| SOUTHERN DISTRICT OF NEW YORK | : | |
| PRO SE DIVISION RM. 230, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

The court now considers defendant's motion to dismiss plaintiff's complaint. For the reasons that follow, the court recommends defendant's motion be granted.

### II. BACKGROUND

On March 24, 2010, plaintiff filed a complaint, on behalf of herself and Medicolegal and Literary Works LLC, citing "Unauthorized use of contracts in Specialized Industries without Statutory Procedures in Certification/licenses, copyrights, contract, etc."[1] The fifteen page complaint comprised of a "Summary of Complaint" stating the claim described above, followed by fourteen pages of incorporation documents, copyright certification documents, and a poem allegedly authored by plaintiff entitled "Washed Away/Agape Love" about the aftermath of Hurricane Katrina.[2] This court, in a previous order, dismissed plaintiff Medicolegal and Literary Works LLC as a party in interest due to the company's failure to retain the representation of a licensed attorney.[3]

---

[1] D.I. 1 at 1.
[2] *Id.* at 2-15.
[3] D.I. 25 at 2.

Defendant, the United States District Court Southern District of New York, Pro Se Division, R. 230, filed a motion to dismiss on April 26, 2010.  Defendant asks the court to dismiss this action because plaintiff's complaint fails to state a claim upon which relief can be granted, is otherwise procedurally deficient, and because this court lacks subject matter jurisdiction over plaintiff's claim.

In response to defendant's motion, plaintiff mistakenly "denied" defendant's motion in her answer, citing only "29 USC 2902 Commission Where Recorded to state compliance in Registered Jurisdiction," a non-existent statute, and Medicolegal and Literary Works' Delaware incorporation information.[4]  Concurrently, plaintiff filed a motion to seal her and Medicolegal and Literary Works' documents including the "licences, copyrights, and copyrights in volume listings."[5]  One week after the motion to seal, plaintiff also filed a "Motion for Electronic/Digital (Cable) Notification via Data Transmission in County Jurisdiction," to request that the court exclusively communicate with the parties by electronic means, presumably to prevent "the possibilities of copyright infringement, and liability infringement of licenses . . . and contracts . . . in [plaintiff's] specialized industries of employment."[6]

On June 9, 2010, plaintiff filed a third motion to "Stop Government and Government organize of employees/others when working in a continuous trade commercial activity in Copyright Creation."[7]  Plaintiff's third motion cites to a number of statutes, including  28 U.S.C. § 1498 (establishing the exclusive jurisdiction of the United States Court of Federal

---

[4]  D.I. 9 at 1-2.
[5]  D.I. 10 at 1.
[6]  D.I. 13 at 1-2.
[7]  D.I. 18 at 3.

Claims in patent and copyright cases brought against the federal government), 17 U.S.C. § 506 (describing various criminal copyright offenses), 17 U.S.C. § 508 (requiring the clerk of the court notify the Register of Copyrights regarding the filing and determination of all actions brought under the Copyright Act), 18 U.S.C. § 2318 (establishing the elements, criminal punishment, and civil remedies for trafficking in counterfeit labels, illicit labels and counterfeit documentation or packaging), 17 U.S.C. § 411 (requiring plaintiffs to register a copyright claim with the Copyright Office prior to filing the action with the court), and 15 U.S.C. § 1128 (establishing the National Intellectual Property Law Enforcement Coordination Council).   However, the motion does not describe any specific violations of these statutes, except that the clerk of court did not notify plaintiff of her filing of a claim of copyright infringement in the United States courts as plaintiff contends is required by 17 U.S.C. § 508.   Plaintiff also alleges that the court failed to recognize and account for her copyrights "as a Paper Submission in form."

## III.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject-matter jurisdiction.   An attack pursuant to Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of a complaint.[8]   This motion may challenge the court's jurisdiction facially, based upon the legal sufficiency of the allegations in the claim, or factually, based on the sufficiency of jurisdictional fact.[9]

---

[8] *Lieberman v. Delaware*, No. Civ. A. 96-523, 2001 WL 1000936, at *1 (D. Del. Aug. 30, 2001).

[9] *Mortensen v. First Fed. Sav. & Loan*, 439 F.2d 884, 891 (3d Cir. 1977) (distinguishing the standard governing each type of challenge).

The court will apply a standard similar to that relevant in a Rule 12(b)(6) challenge when reviewing a facial challenge under Rule 12(b)(1).[10] The court must accept the factual allegations in the complaint as true, and will consider only the complaint and documents referenced in or attached to the complaint.[11] When reviewing a factual subject matter jurisdiction challenge, however, the court is not similarly confined and need not presume that the allegations in the complaint are truthful.[12] The court may instead consider evidence outside of the pleadings to resolve factual issues affecting jurisdiction.[13] Because defendant has not filed an answer, its motion to dismiss for lack of jurisdiction over the subject matter cannot be a factual challenge and must be viewed as a facial challenge. For either challenge, plaintiff bears the burden of establishing subject matter jurisdiction.[14]

## B. Facial Sufficiency of the Complaint

28 U.S.C. § 1498 provides, in part, that whenever the copyright in a work protected under the copyright laws of the United States is infringed by the United States or any person, firm, or corporation acting on behalf of the government, "the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims . . . ." The statute was originally adopted in 1910 and amended in 1918.[15] The Federal Circuit has stated that the 1918 amendment provided that a patentee or copyright holder's "sole remedy" against the government is a

---

[10] *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008).

[11] *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000).

[12] *Mortensen*, 439 F.2d at 891.

[13] *Gotha v. U.S.*, 115 F.3d 176, 179 (3d Cir. 1997).

[14] *Samsung Electronics Co., Ltd.*, 541 F. Supp. 2d at 648.

[15] *TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1059 (Fed. Cir. 1986).

suit against the United States in the Court of Claims.[16]

The complaint asserts an unauthorized use of contracts, certifications, licenses, or copyrights without statutory procedures, but fails to specify the infringing person or organization, or the manner of infringement.  The court concludes, from the summary of the complaint, that the infringing party is the named defendant, the United States District Court, Southern District of New York Pro Se Division, Rm. 230.   The complaint includes a Certificate of Recordation from the United States Copyright Office for the attached poem "Agape Love/Washed Away" which the court presumes is the allegedly infringed work.

The Judiciary Act of 1789 created the United States District Court for the District of New York pursuant to Article III of the United States Constitution.[17]  In 1814, Congress divided the district, establishing the Southern District of New York and the Northern District of New York.  Being a creature of Congress, the United States District Court for the Southern District of New York must necessarily be viewed under 28 U.S.C. § 1498 as the United States or a contractor, subcontractor, or firm acting for the United States.  As such, any claim alleging patent or copyright infringement on the part of the Southern District of New York must be raised in the United States Court of Claims.

Plaintiff has failed to demonstrate the jurisdiction of this court for a copyright action against the United States.  Therefore, the court recommends that defendant's Motion to Dismiss for Lack of Jurisdiction over the Subject Matter be granted, plaintiff's complaint be

---

[16] *Id.* at 1059-60; *see also Trojan, Inc. v. Shat-R-Sheild, Inc.*, 885 F.2d 854, 856 (Fed. Cir. 1989) ("a patent owner's only recourse when an infringer is dealing with the government is to sue the United States in the United States Court of Federal Claims for its entire compensation.").

[17] 1 Stat. 73 (1789).

dismissed,  and plaintiff's motions be denied.

## IV.  ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, it is recommended that:

(1) Defendant's Motion to Dismiss for Lack of Jurisdiction Over the Subject

Matter (D.I. 7) be GRANTED.

(2) In light of the recommended granting of defendant's motion to dismiss,

plaintiff's Motion to Seal (D.I. 10), Motion for Electronic/Digital (Cable)

Notification via Data Transmission in County Jurisdiction (D.I. 13), and Motion

to Stop Government and Government organize of employees/others when

working in a continuous trade commercial activity in Copyright Creation (D.I.

18).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.

R. Civ. P. 72(b)(1), and D.Del.LR 72.1.  The parties may serve and file specific written

objections within fourteen (14) days after being served with a copy of this Report and

Recommendation.[18]  The objections and response to those objections are limited to ten

(10) pages each.

The parties are directed to the court's standing Order in Pro Se Matters for

Objections Filed under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is

available on the court's website, www.ded.uscourts.gov.


Dated: September 9, 2010                      /s/ Mary Pat Thynge
                                        UNITED STATES MAGISTRATE JUDGE

---

[18] FED. R. CIV. P. 72(b).